**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTORIA ZETWICK, | No. 14-17341 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02486-TLN-AC |
| v. | MEMORANDUM[*] |
| COUNTY OF YOLO and EDWARD G. PRIETO, Sheriff of Yolo County, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Court Judge, Presiding

Argued and Submitted October 18, 2016.
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and BENNETT,[**] District
Judge.

Plaintiff Victoria Zetwick, a county correctional officer, alleges that

defendant Edward G. Prieto, the county sheriff, created a sexually hostile work

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 *et seq.*, by, among other things, greeting her with unwelcome hugs and/or kisses on more than one hundred occasions over a twelve-year period. The defendants, Prieto and the County of Yolo, argue that such conduct was not objectively severe or pervasive enough to establish a hostile work environment. The district court granted the defendants' motion for summary judgment, and Zetwick appeals. We reverse and remand.

**1.** Our review is *de novo*. *Animal Legal Def. Fund v. FDA*, ___ F.3d ___, ___, No. 13-17131, 2016 WL 4578362, at *1 (9th Cir. Sept. 2, 2016) (en banc) (per curiam). Summary judgment is inappropriate if, viewing the record in the light most favorable to the nonmoving party, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, the parties dispute whether a reasonable jury could determine that Prieto's conduct "was sufficiently severe or pervasive to alter the conditions of [Zetwick's] employment and create an [objectively] abusive working environment." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (identifying the elements of a prima facie case of a sex-based hostile work environment). We hold that a reasonable jury could

2

conclude that the differences in hugging of men and women were not, as the defendants argue, just "genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Rather, a reasonable jury could find an objectively hostile or abusive environment, because of the nature, frequency, permanence, and cumulative effect of the conduct towards women in general and Zetwick in particular. *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Sept. 6, 2016) (No. 16-302). Also, a reasonable jury could conclude that Prieto's conduct, by the highest official in the department, had "greater power to alter [Zetwick's] environment." *Faragher*, 524 U.S. at 805.

    **2.** Application of incorrect legal standards also may well have influenced the district court's conclusion. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

    First, the district court extracted a supposed "rule" that hugs and kisses on the cheek are not outside the realm of common workplace behavior, and, accordingly, concluded that such conduct could never support a Title VII claim. This "rule" was created from just a few non-binding district court decisions. One of those decisions was twenty years old and another was fourteen years old at the

time of the district court's decision. Thus, those decisions likely do not reflect changing contemporary standards of socially acceptable conduct in the workplace—a decision more appropriately made by a jury. More importantly, in one of those decisions, the court explained that flirting, hugging, and even kissing in the workplace "are very ordinary things that people do and are not *per se* intimidating, hostile, humiliating, or offensive," but such conduct can, nevertheless, become unlawful when it "is both unwelcome and pervasive." *Joiner v. Wal-Mart Stores, Inc.*, 114 F. Supp. 2d 400, 409 (W.D.N.C. 2000). A reasonable jury could find both under the facts in this case.

Second, the district court applied an incorrect legal standard when it "f[ou]nd that Defendant Prieto's conduct in this case was not severe *and* pervasive." Order at 13 (emphasis added). The proper standard, however, is whether the defendant's conduct was "severe *or* pervasive." *Geo Grp., Inc.*, 816 F.3d at 1206 (emphasis added). Summary judgment is appropriate only if the conduct was "*neither* severe *nor* pervasive enough to alter the conditions of [Zetwick's] employment." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 799 (9th Cir. 2003) (emphasis added).

Third, the district court erred by applying a sort of "mathematically precise test" to determine that Zetwick's environment was not hostile, based on its

4

calculation that Zetwick had been hugged only a few times a year for a few seconds each time. *See Harris*, 510 U.S. at 22-23 (rejecting such a test). Even if such a mathematical test were appropriate, there is a factual dispute as to its computation.

Because a reasonable jury could find that Prieto's conduct, particularly the alleged number and frequency of unwelcome hugs and kisses *from a supervisor*, was sufficient to create a hostile or abusive work environment, we reverse the grant of summary judgment.

**REVERSED AND REMANDED.**