NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SK FOODS, L.P., a California limited partnership, et al., <br><br> Debtor, <br> _____ <br><br> LARRY JOE LICHTENEGGER, <br><br> Plaintiff-Appellant, <br><br> and <br><br> GERARD ANTHONY ROSE, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF MONTREAL, as Administrative Agent, successor by Assignment to Debtors SK Foods, L.P. and RHM Industrial Specialty Foods, Inc., a California corporation, dba Colusa County Canning Co., <br><br> Defendant-Appellee, <br><br> and <br><br> BRADLEY D. SHARP; CSSS, LP, | No.   15-16806 <br><br> D.C. No. 2:14-cv-00402-TLN <br><br><br> MEMORANDUM[*] |

_____

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

In re: SK FOODS, L.P., a California limited partnership, et al.,

Debtor,

_____

GERARD ANTHONY ROSE,

Plaintiff-Appellant,

and

LARRY JOE LICHTENEGGER,

Plaintiff,

v.

BANK OF MONTREAL, as Administrative Agent, successor by Assignment to Debtors SK Foods, L.P. and RHM Industrial Specialty Foods, Inc., a California corporation, dba Colusa County Canning Co.,

Defendant-Appellee,

and

BRADLEY D. SHARP; CSSS, LP,

Defendants.

No.    15-16807

D.C. No. 2:14-cv-00402-TLN

Appeal from the United States District Court
for the Eastern District of California

2

Troy L. Nunley, District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: TROTT and IKUTA, Circuit Judges, and FABER,[**] District Judge.

Larry Lichtenegger and Gerard Rose appeal the district court's order affirming the bankruptcy court's award of sanctions against them. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291, *see Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 889-91 (9th Cir. 2017), and we reverse and remand.

**1**. "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (internal citation and quotation omitted).

**2**. The bankruptcy court erred in granting Bank of Montreal's motion for summary judgment against Lichtenegger and Rose. Summary judgment may be granted only where there is no dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "[C]ourts may not resolve

---

[**]    The Honorable David A. Faber, United States District Judge for the

3

genuine disputes of fact in favor of the party seeking summary judgment." *Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam)). In this case, the declarations submitted by Lichtenegger and Rose, while often conclusory and self-serving and even at times inconsistent with their earlier testimony, created disputed issues of material fact. For example, genuine disputes of material fact exist as to when Lichtenegger and Rose each found out that the TRO had been entered; if they knew that the Drum Line had not yet left the country when the TRO was entered; whether Lichtenegger was a lawyer for CVS at the relevant time; whether Lichtenegger and Rose failed to take reasonable steps to prevent the transfer of the Drum Line; and whether Lichtenegger and Rose failed to take reasonable steps to produce witnesses with knowledge of the Drum Line's status. The bankruptcy court recognized as much when it made its determination that Lichtenegger and Rose were not credible. This, however, the court was not permitted to do because it is "clear that the court must not make any credibility determinations" when considering a summary judgment motion. *Id.*; *see also Schlup v. Delo*, 513 U.S. 298, 332 (1995) ("[A] district court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented.") (quoting *Agosto v. INS*, 436 U.S. 748, 756 (1978)).

---

Southern District of West Virginia, sitting by designation.

4

Nor could the bankruptcy court make factual findings in granting summary judgment. "By definition, summary judgment may be granted only when there are no disputed issues of material fact, and thus no factfinding by the district court. Thus, where the district court has made a factual determination, summary judgment cannot be appropriate." *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989-90 (9th Cir. 2016) (en banc) (per curiam) (internal citations and quotation omitted).

**3**. A question of fact can normally only be resolved after an evidentiary hearing." *ZiLOG, Inc. v. Corning* (*In re ZiLOG, Inc.*), 450 F.3d 996, 1007 (9th Cir. 2006). To the extent the declarations raise genuine disputes of material fact, the bankruptcy court should take appropriate evidence and make appropriate formal factual findings. *Kismet Acquisition LLC v. Diaz-Barba* (*In re Icenhower)*, 755 F.3d 1130, 1138-39 (9th Cir. 2014).

**REVERSED AND REMANDED**.