**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, *Plaintiff-Appellant*, <br><br> v. <br><br> U.S. FOOD & DRUG ADMINISTRATION, *Defendant-Appellee.* | No. 13-17131 <br><br> D.C. No. 3:12-cv-04376-EDL <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted En Banc August 26, 2016[*]
San Francisco, California

Filed September 2, 2016

Before: Sidney R. Thomas, Chief Judge, and Stephen Reinhardt, Alex Kozinski, Ronald M. Gould, Richard A. Paez, Richard C. Tallman, Jay S. Bybee, Milan D. Smith, Jr., Morgan Christen, Jacqueline H. Nguyen and John B. Owens, Circuit Judges.

Per Curiam Opinion

---

[*] The en banc court unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Freedom of Information Act

The en banc court adopted a *de novo* standard of review for summary judgment decisions in Freedom of Information Act cases, overruled other decisions to the contrary, and remanded the case to the three-judge panel to resolve the merits issues.

### COUNSEL

Monte M.F. Cooper, Derek F. Knerr, and Scott Lindlaw, Orrick, Herrington & Sutcliffe LLP, Menlo Park, California, for Plaintiff-Appellant.

Dara S. Smith and Michael S. Raab, Attorneys, Appellate Staff; Victoria R. Carradero, Assistant United States Attorney; Civil Division, Department of Justice, Washington, D.C.; for Defendant-Appellee.

Caitlin Zittkowski and Cristina R. Stella, San Francisco, California, as and for Amicus Curiae Center for Food Safety.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

   We voted to rehear this case en banc to reconsider our circuit precedent on the standard of review applicable to summary judgment decisions in cases brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  We agree with the three-judge panel that the appropriate standard of review is *de novo*.

   We adopt and reiterate the reasoning set forth by the three-judge panel in its concurrence.  Under our usual practice, "[w]e review the district court's grant or denial of motions for summary judgment *de novo*."  *Ariz. Dream Act Coal. v. Brewer*, 818 F.3d 901, 908 (9th Cir. 2016) (citing *Besinga v. United States*, 14 F.3d 1356, 1359 (9th Cir. 1994)).  Thus, on appellate review, we employ the same standard used by the trial court under Federal Rule of Civil Procedure 56(c).  *See Suzuki Motor Corp. v. Consumers Union, Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003).  As required by that standard, we view the evidence in the light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact, and decide whether the district court correctly applied the relevant substantive law.  *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

   Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law.  *See Wickwire Gavin, P.C. v. U. S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004).  But some FOIA cases require resolution of disputed facts.  *See, e.g.*, *GC Micro Corp. v. Def. Logistics Agency*, 33 F.3d 1109, 1110 (9th Cir. 1994) (requiring a factual determination of

substantial competitive harm). In those cases, we have employed a different summary judgment standard, as we described in *Yonemoto v. Department of Veterans Affairs*:

> [I]n essence, we treat the judgment as if it were a bench trial: We first determine, *de novo*, "whether an adequate factual basis exists to support the district court's decisions." If not, we must remand for further development of the record. If such a basis does exist, "then the district court's conclusions of fact are reviewed for clear error"—which is the way in which the proceeding is treated like a bench trial—"while legal rulings, including its decision that a particular exemption applies, are reviewed *de novo*."

686 F.3d 681, 688 (9th Cir. 2012) (footnote and citations omitted).[1]

This "two-step test," *Lion Raisins Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1078 (9th Cir. 2004), began with *Church of Scientology of California v. U.S. Department of the Army*, 611 F.2d 738 (9th Cir. 1979), in which we borrowed the "clearly erroneous" standard from the D.C. Circuit, *id.* at 743 (citing *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 n. 13 (D.C. Cir. 1977)). However, the D.C. Circuit has long since abandoned this standard and,

---

[1] If "the parties do not dispute that the court had an adequate basis for its decision, we review *de novo* the court's conclusion" that the documents are exempt from disclosure. *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1222 (9th Cir. 2001) (emphasis added) (citation omitted).

instead, now reviews summary judgment decisions in FOIA cases *de novo*, as in all other cases.  *See Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992).  The First, Second, Sixth, Eighth, and Tenth Circuits also apply *de novo* review to district court FOIA summary judgment decisions.[2]

In reviewing our precedents, as well as those of our sister circuits, we conclude there is no principled distinction to be drawn between our usual summary judgment standard and the standard to be applied in FOIA cases.  We have noted the oddity of this analytic difference:  "By definition, summary judgment may be granted only when there are no disputed issues of material fact, and thus no factfinding by the district court."  *Yonemoto*, 686 F.3d at 688 n.5 (citing Fed. R. Civ. P. 56(c)).  Thus, where the district court has made a factual determination, summary judgment cannot be appropriate.

In short, there is "no compelling reason to depart from a pure *de novo* standard," *Halpern v. FBI*, 181 F.3d 279, 287 (2d Cir. 1999), when reviewing FOIA summary judgment decisions.  We agree with the Second Circuit that *de novo* review fits better with the policy and purpose of FOIA:

---

[2] *See Church of Scientology Int'l v. U.S. Dep't of Justice*, 30 F.3d 224, 228 (1st Cir. 1994); *Halpern v. FBI*, 181 F.3d 279, 287–88 (2d Cir. 1999); *Abraham & Rose, P.L.C. v. United States*, 138 F.3d 1075, 1078 (6th Cir. 1998); *Missouri ex rel. Garstang v. U.S. Dep't of Interior*, 297 F.3d 745, 749 (8th Cir. 2002); *Sheet Metal Workers Int'l Ass'n, Local No. 9 v. U.S. Air Force*, 63 F.3d 994, 997 (10th Cir. 1995).  The Third, Fourth, Fifth, Seventh, and Eleventh Circuits appear to use the same "clearly erroneous" standard that we have.  *See Lame v. U.S. Dep't of Justice*, 767 F.2d 66, 70 (3d Cir. 1985); *Willard v. IRS*, 776 F.2d 100, 104 (4th Cir. 1985); *Stephenson v. IRS*, 629 F.2d 1140, 1144 (5th Cir. 1980); *Antonelli v. DEA*, 739 F.2d 302, 303 (7th Cir. 1984) (per curiam); *Chilivis v. SEC*, 673 F.2d 1205, 1210 (11th Cir. 1982).

> In striking a balance between the incompatible notions of disclosure and privacy when it enacted FOIA in 1966, Congress established—in the absence of one of that law's clearly delineated exemptions—a general, firm philosophy of full agency disclosure, and provided *de novo* review by federal courts so that citizens and the press could obtain agency information wrongfully withheld. *De novo* review was deemed essential to prevent courts reviewing agency action from issuing a meaningless judicial imprimatur on agency discretion.

*Id.*

Accordingly, we adopt a *de novo* standard of review for summary judgment decisions in FOIA cases. *Church of Scientology*, 611 F.2d at 743, and our other decisions to the contrary are overruled.

Consistent with our usual procedure, if there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing. Resolution of factual disputes should be through the usual crucible of bench trial or hearing, with evidence subject to scrutiny and witnesses subject to cross-examination. The district court must issue findings of fact and conclusions of law. Fed. R. Civ. P. 52(a)(1). Our review remains the same as in all civil cases: we review the findings of fact for clear error and the conclusions of law *de novo*. See *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011).

We confine our en banc consideration to the question of controlling circuit precedent. We decline as an en banc court to reach any other issue presented by the parties. The three-judge panel that heard the appeal was bound by the standard articulated in *Church of Scientology* and issued its opinion based on that assumption. In issuing our order granting rehearing en banc, we declared that the three-judge panel opinion should not be cited as precedent by or to any court of the Ninth Circuit. *Animal Legal Def. Fund v. FDA*, — F.3d —, No. 13-17131, 2016 WL 4120696 (9th Cir. Aug. 3, 2016). With this correction of our precedent, en banc proceedings with respect to this case are terminated, and we return control of the case to the three-judge panel. The panel will resolve the merits issues in this case and will issue a new or an amended opinion.[3]

**REMANDED.**

---

[3] All pending motions are **DENIED** as moot, without prejudice to renewal before the three-judge panel.