

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARET FROBY,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>             Defendant-Appellee. | No.   14-16843<br><br>D.C. No.<br>2:12-cv-01789-LRH-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 18, 2016[**]
San Francisco, California

Before:  GRABER and MURGUIA, Circuit Judges, and BENNETT,[***] District
Judge.

        Plaintiff Margaret Froby was employed by Defendant Clark County School

District (the District) as the principal for inmate classes at the Florence McClure

_____

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes that this case is suitable for
decision without oral argument.  Fed. R. App. P. 34(a)(2).

        [***]   The Honorable Mark W. Bennett, Senior United States District Judge
for the Northern District of Iowa, sitting by designation.

Women's Correctional Center of the Nevada Department of Prisons (NDOP) until August 2011. She brought a Title VII sexually hostile environment claim against the District arising from the conduct of an NDOP correctional officer, Lieutenant Robert Hendrix.[1] The district court granted summary judgment in the District's favor. We affirm.

1.      When reviewing a summary judgment ruling, "we view the evidence in the light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact, and decide whether the district court correctly applied the relevant substantive law." *Animal Legal Def. Fund v. FDA*, No. 13-17131, 2016 WL 4578362, at *1 (9th Cir. Sept. 2, 2016) (en banc) (per curiam). The party resisting summary judgment has the burden of producing evidence "such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor." *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015) (quoting *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999)).

Under the substantive law relevant here:

"An employer is liable under Title VII for conduct giving rise to a [sexually] hostile environment where the employee proves (1) that

---

[1]      Froby originally brought additional claims and included the NDOP as a defendant but voluntarily dismissed the NDOP and stipulated to dismissal of all claims against the District other than her Title VII claim.

2

[s]he was subjected to verbal or physical conduct of a harassing nature [because of her sex], (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir. 2000) (quoting *Pavon v. Swift Trans. Co.*, 192 F.3d 902, 908 (9th Cir. 1999)).

*Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016).

Furthermore:

While sexual harassment must be sexual in nature, "offensive conduct that is not facially sex-specific nonetheless may violate Title VII if there is sufficient circumstantial evidence of qualitative and quantitative differences in the harassment suffered by female and male employees." *EEOC v. Nat'l Educ. Ass'n, Alaska*, 422 F.3d 840, 842 (9th Cir.2005); *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) ("[H]arassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex.").

*Id.* at 1207 n.12.

**2.a.** With one exception, the conduct complained of contained no gender-specific element. Rather, Froby asserted more generally that Hendrix was a "bully" who "target[ed] education" and who treated prisoners "badly." The only gender-related conduct was a reference to the mother of his child as a "bitch," but that comment is not, without more, sufficient to allow a jury to infer that Hendrix's overbearing behavior was "because of sex." Title VII is not a "general civility"

3

code for the workplace. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

**b.** In opposition to summary judgment, Froby pointed to six incidents during a nearly two-year period. Those incidents, individually and collectively, were neither severe enough nor pervasive enough to alter Froby's working conditions and create an abusive working environment. For example, Hendrix denied Froby access to the correctional center's visitor room to meet an inmate's family; he argued with Froby about inmates in the education department; he left a voice-mail message in an obnoxious or upset tone; and he removed inmate workers from the department without Froby's knowledge and yelled at them for violating rules. Moreover, Hendrix was not Froby's supervisor.

**c.** The record contains no evidence concerning male employees or Hendrix's behavior toward them. Thus there is no permissible inference that Hendrix treated male and female employees differently. For that reason, Froby's reliance on *EEOC v. NEA*, 422 F.3d 840 (9th Cir. 2005), is misplaced; in that case, "[t]he record reveal[ed] at least a debatable question as to the objective differences in treatment of male and female employees, and strongly suggest[ed] that differences in subjective effects were very different for men and women." *Id.* at 846.

**AFFIRMED.**

4