NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TORRES CONSULTING AND LAW
GROUP, LLC,

Plaintiff-Appellant,

v.

NATIONAL AERONAUTICS AND
SPACE ADMINISTRATION,

Defendant-Appellee.

No.    14-17303

D.C. No. 2:14-cv-00801-MEA

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Mark E. Aspey, Magistrate Judge, Presiding

Submitted November 17, 2016**
San Francisco, California

Before:  THOMAS, Chief Judge, and GILMAN*** and FRIEDLAND, Circuit
Judges.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiff Torres Consulting and Law Group ("Torres") appeals the district court's grant of summary judgment to NASA on Torres's Freedom of Information Act ("FOIA") claim. Invoking FOIA Exemptions 4 and 6, NASA totally withheld the requested contractor's payroll records, and the district court affirmed. 5 U.S.C. § 552(b). We review *de novo* summary judgment decisions in FOIA cases. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, No. 13-17131, 2016 WL 4578362 (9th Cir. Sept. 2, 2016) [hereinafter *ALDF*] (en banc) (per curiam). We reverse and remand.

## I.

Section (a) of FOIA generally obligates the government to disclose information to the public; section (b) contains nine exemptions to this general disclosure obligation. See 5 U.S.C. § 552(a)-(b); *Frazee v. U.S. Forest Serv.*, 97 F.3d 367, 370 (9th Cir. 1996), *abrogated on other grounds by ALDF*, 2016 WL 4578362. Exemption 4 applies to matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Information is confidential for the purposes of Exemption 4 if its disclosure is likely "to cause substantial harm to the competitive position of the person from whom the information was obtained." *GC Micro Corp. v. Def. Logistics Agency*, 33 F.3d 1109, 1112-13 (9th Cir. 1994) (citing *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)), *abrogated on*

2

*other grounds by ALDF*, 2016 WL 4578362. Information will result in substantial competitive injury if it "'would allow competitors to estimate, and undercut, [the firm's] bids.'" *Id.* at 1115 (quoting *Gulf & W. Indus., Inc. v. United States*, 615 F.2d 527, 530 (D.C. Cir. 1979)).

The parties here dispute whether releasing the requested information would likely cause substantial competitive injury to RTD Construction, Inc. ("RTD"), and they submitted competing evidence on this question to the district court.

Sitting en banc, we recently held that "if there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing. Resolution of factual disputes should be through the usual crucible of bench trial or hearing, with evidence subject to scrutiny and witnesses subject to cross-examination." *ALDF*, 2016 WL 4578362 at *2. We have characterized the substantial-competitive-harm determination as a factual question. *See Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, No.13-17131, 2016 WL 5827463, at *1 (9th Cir. Sept. 30, 2016) [hereinafter *ALDF Panel Opinion*] (per curiam); *ALDF*, 2016 WL 4578362, at *1; *Lion Raisins Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1078 (9th Cir. 2004), *abrogated on other grounds by ALDF*, 2016 WL 4578362.

In *ALDF* itself, we concluded that competing declarations offered by the parties raised a dispute of material fact as to competitive harm. *ALDF Panel*

*Opinion*, 2016 WL 5827463, at \*1.  Accordingly, we reversed the grant of summary judgment and remanded for further proceedings.  *Id.*

The same issue of material fact exists in this case.  Here, as in *ALDF*, the parties submitted competing declarations, with equivalent levels of detail and based on equivalent levels of knowledge, about whether the release of the requested information would cause competitive harm.  Torres also requested a hearing at which to present more evidence.  We reverse as to Exemption 4 and remand for further proceedings to resolve the dispute of material fact on the issue of competitive harm.

**II.**

FOIA Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  To determine whether disclosing the information would constitute a clearly unwarranted invasion of personal privacy, "'we must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure.'"  *Prudential Locations LLC v. U.S. Dep't of Hous. & Urban Dev.*, 739 F.3d 424, 430 (9th Cir. 2013) (per curiam) (quoting *Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 639 F.3d 876, 886 (9th Cir. 2010), *abrogated on other grounds by ALDF*, 2016 WL 4578362), *abrogated on other grounds by ALDF*, 2016 WL

4578362.  This balancing test involves two steps.  At the first step, the agency must prove that there is more than a *de minimis* personal privacy interest.  *Id.*; *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 694 (9th Cir. 2012), *abrogated on other grounds by ALDF*, 2016 WL 4578362.  If the privacy interest is more than *de minimis*, the court goes on to the second step, where it balances that privacy interest with the public interest in disclosure.  But if the agency does not establish that disclosing the information would invade a non-trivial privacy interest, then "FOIA demands disclosure, without regard to any showing of public interest." *Yonemoto*, 686 F.3d at 694; *see also Prudential Locations*, 739 F.3d at 430.

Here, Torres does not contest that the information it seeks is a "similar file" to medical or personnel files, within the meaning of Exemption 6.  Torres does dispute, however, that there is any privacy interest in the documents it seeks once all of the information that identifies a particular individual—names, addresses and social security numbers—has been redacted, as Torres concedes it should be.  The Supreme Court has interpreted Exemption 6 as covering only information that is linked to an identifiable person.  *See, e.g.*, *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175-76 (1991) (disclosure of highly personal information "constitutes only a *de minimis* invasion of privacy when the identities" are unknown); *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 n.4 (1982) (explaining that "[i]nformation unrelated to any particular person presumably would not satisfy the threshold test"

5

for a privacy interest under Exemption 6); *Dep't of Air Force v. Rose*, 425 U.S. 352, 375-76 (1976) (explaining that Exemption 6 is "intended to cover detailed Government records on an individual which *can be identified as applying to that individual* and not the facts concerning the award of a pension or benefit or the compilation of unidentified statistical information from personal records") (quoting H.R. Rep. No. 1497, 89th Cong., 2d Sess., 11 (1966), U.S. Code Cong. & Admin. News 1966, p.2428) (emphasis added).

In light of these precedents, any privacy interest in payroll data after names, addresses, and social security numbers are redacted is trivial. Thus, "FOIA demands disclosure, without regard to any showing of public interest." *Yonemoto*, 686 F.3d at 694.[1] Accordingly, we reverse the district court's judgment as to Exemption 6, which was the only exemption NASA invoked to withhold tax deduction, tax withholding, and net earnings information.[2]

On remand, the district court should reconsider the issue of segregability after determining whether NASA properly invoked Exemption 4 to withhold workers' job classifications, dates and hours worked, total hours worked, rates of pay, gross earnings information, and whether the pay was standard or overtime.

---

[1] We therefore do not reach the parties' arguments about public interest.

[2] Although we hold that Exemption 6 does not apply to gross earnings, NASA also invoked Exemption 4 to withhold that information, so that category of information will need to be considered further on remand.

Torres requested attorney's fees in its brief. Such a request must be made in accordance with Ninth Circuit Rule 39-1.6.

For the foregoing reasons we **REVERSE** and **REMAND.**