**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM LEONARD PICKARD,

        Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF JUSTICE,

        Defendant-Appellee.

No. 17-15945

D.C. No. 3:06-cv-00185-CRB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ZIPPS,** District Judge.

Plaintiff William L. Pickard filed this action under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, seeking records held by the Drug

Enforcement Agency ("DEA") pertaining to a confidential informant named

Gordon Todd Skinner.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

1. We review de novo whether, as the district court held, FOIA exemption 7(D) prohibited the release of Skinner's name and the information that he had divulged previously at trial.[1] Animal Legal Def. Fund v. FDA, 836 F.3d 987, 990 (9th Cir. 2016) (per curiam) (en banc). We conclude that the exemption applies and that the information was properly withheld.

The question for decision is whether Skinner spoke, at the time he spoke, on the understanding that his communication to the government would remain confidential. U.S. Dep't of Justice (DOJ) v. Landano, 508 U.S. 165, 172 (1993). One way for a source to be confidential is for the government to give an express assurance of confidentiality. Id. An express promise is essentially unassailable and is easy to prove. Rosenfeld v. DOJ, 57 F.3d 803, 814 (9th Cir. 1995). Here, a senior lawyer for the DEA swore in a declaration that the DEA gives express assurances of confidentiality to its informants in Skinner's position, and his written agreement confirms that the assurance was given to him. The fact that the government stated that it could not "guarantee" that Skinner's identity would never be divulged merely describes the reality that the future cannot be known, but does

---

[1] On appeal, Plaintiff does not challenge the district court's application of exemption 7(E) to the request for Skinner's identifying number. He therefore has waived any challenge to that ruling. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

not undermine the assurance of confidentiality at the time Skinner gave information to the DEA.

Plaintiff argues that public disclosure of information avoids the exemption. We disagree. In Pickard v. DOJ, 653 F.3d 782, 786 (9th Cir. 2011), we ruled that an agency is not precluded from withholding information pursuant to an exemption that otherwise applies, even if that information is officially acknowledged or officially confirmed.

2. The district court "consider[ed]" Plaintiff's request for all additional materials to have been "withdrawn." Plaintiff did not ask to withdraw his other claims, so we view this ruling as, in essence, an involuntary dismissal under Federal Rule of Civil Procedure 41(b), a decision that we review for abuse of discretion. Tillman v. Tillman, 825 F.3d 1069, 1074 (9th Cir. 2016). We conclude that the district court abused its discretion. The mere failure to seek summary judgment on all claims does not mean that a party abandons the remaining claims. Rather, it means (in the absence of some other indicator of failure to prosecute) simply that the party intends to go to trial on those claims because issues of fact remain. Indeed, the district court did not grant Defendant's motion for summary judgment regarding all categories of information, and Plaintiff specifically opposed Defendant's motion for summary judgment alleging remaining issues of fact.

Accordingly, we vacate the involuntary dismissal of these claims and remand for further proceedings.

3.  We review de novo the sufficiency of a <u>Vaughn</u> index.[2]  <u>Hamdan v. DOJ</u>, 797 F.3d 759, 769 (9th Cir. 2015).  The most recent <u>Vaughn</u> index gave sufficient detail.  We therefore affirm on this issue.

4.  The district court failed to make findings on segregability.  But no such findings were necessary as to the two categories of information that are at issue on appeal, because Plaintiff is not legally entitled to any of the information.  Thus there is nothing to segregate.

**AFFIRMED in part; VACATED in part; and REMANDED.**  The parties shall bear their own costs on appeal.

---

[2] <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973).