FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM LEONARD PICKARD, | No. 17-15945 |
| Plaintiff-Appellant, | D.C. No. 3:06-cv-00185-CRB |
| v. | |
| U.S. DEPARTMENT OF JUSTICE, | ORDER |
| Defendant-Appellee. | |

Before:  GRABER and N.R. SMITH, Circuit Judges, and ZIPPS,* District Judge.

The memorandum disposition filed on December 13, 2017, is amended by

the memorandum disposition filed concurrently with this order, as follows:

On page 3 of the memorandum disposition, in the paragraph beginning

"Plaintiff argues that," delete everything in the paragraph except for the first

sentence.  Replace the deleted text with the following:

> Even assuming that Plaintiff is correct that exemption 7(D) may be
> "waived," he is entitled only to exactly the same information that has
> been publicly disclosed.  Pickard v. DOJ, 653 F.3d 782, 786 (9th Cir.
> 2011).  If, for instance, the DEA had in its possession a videotape of
> Skinner's trial testimony, Plaintiff might be entitled to that videotape.

* The Honorable Jennifer G. Zipps, United States District Judge for the
District of Arizona, sitting by designation.

But what Plaintiff seeks—records that may contain some of the same information about which Skinner testified—is not exactly the same information that was publicly disclosed, so FOIA exemption 7(D) applies.

With this amendment, the panel has voted to deny Appellant's petition for panel rehearing. Judges Graber and Smith have voted to deny Appellant's petition for rehearing en banc, and Judge Zipps has so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

Appellant's petition for panel rehearing and rehearing en banc is DENIED. No further petitions for panel rehearing and rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM LEONARD PICKARD, | No. 17-15945 |
| Plaintiff-Appellant, | D.C. No. 3:06-cv-00185-CRB |
| v. | |
| U.S. DEPARTMENT OF JUSTICE, | AMENDED MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ZIPPS,[**] District Judge.

Plaintiff William L. Pickard filed this action under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, seeking records held by the Drug

Enforcement Agency ("DEA") pertaining to a confidential informant named

Gordon Todd Skinner.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

1. We review de novo whether, as the district court held, FOIA exemption 7(D) prohibited the release of Skinner's name and the information that he had divulged previously at trial.[1]  Animal Legal Def. Fund v. FDA, 836 F.3d 987, 990 (9th Cir. 2016) (per curiam) (en banc).  We conclude that the exemption applies and that the information was properly withheld.

The question for decision is whether Skinner spoke, at the time he spoke, on the understanding that his communication to the government would remain confidential.  U.S. Dep't of Justice (DOJ) v. Landano, 508 U.S. 165, 172 (1993).  One way for a source to be confidential is for the government to give an express assurance of confidentiality.  Id.  An express promise is essentially unassailable and is easy to prove.  Rosenfeld v. DOJ, 57 F.3d 803, 814 (9th Cir. 1995).  Here, a senior lawyer for the DEA swore in a declaration that the DEA gives express assurances of confidentiality to its informants in Skinner's position, and his written agreement confirms that the assurance was given to him.  The fact that the government stated that it could not "guarantee" that Skinner's identity would never be divulged merely describes the reality that the future cannot be known, but does

---

[1]  On appeal, Plaintiff does not challenge the district court's application of exemption 7(E) to the request for Skinner's identifying number.  He therefore has waived any challenge to that ruling.  Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

not undermine the assurance of confidentiality at the time Skinner gave information to the DEA.

Plaintiff argues that public disclosure of information avoids the exemption. Even assuming that Plaintiff is correct that exemption 7(D) may be "waived," he is entitled only to exactly the same information that has been publicly disclosed. Pickard v. DOJ, 653 F.3d 782, 786 (9th Cir. 2011). If, for instance, the DEA had in its possession a videotape of Skinner's trial testimony, Plaintiff might be entitled to that videotape. But what Plaintiff seeks—records that may contain some of the same information about which Skinner testified—is not exactly the same information that was publicly disclosed, so FOIA exemption 7(D) applies.

2. The district court "consider[ed]" Plaintiff's request for all additional materials to have been "withdrawn." Plaintiff did not ask to withdraw his other claims, so we view this ruling as, in essence, an involuntary dismissal under Federal Rule of Civil Procedure 41(b), a decision that we review for abuse of discretion. Tillman v. Tillman, 825 F.3d 1069, 1074 (9th Cir. 2016). We conclude that the district court abused its discretion. The mere failure to seek summary judgment on all claims does not mean that a party abandons the remaining claims. Rather, it means (in the absence of some other indicator of failure to prosecute) simply that the party intends to go to trial on those claims because issues of fact

remain. Indeed, the district court did not grant Defendant's motion for summary judgment regarding all categories of information, and Plaintiff specifically opposed Defendant's motion for summary judgment alleging remaining issues of fact. Accordingly, we vacate the involuntary dismissal of these claims and remand for further proceedings.

3. We review de novo the sufficiency of a <u>Vaughn</u> index.[2] <u>Hamdan v. DOJ</u>, 797 F.3d 759, 769 (9th Cir. 2015). The most recent <u>Vaughn</u> index gave sufficient detail. We therefore affirm on this issue.

4. The district court failed to make findings on segregability. But no such findings were necessary as to the two categories of information that are at issue on appeal, because Plaintiff is not legally entitled to any of the information. Thus there is nothing to segregate.

**AFFIRMED in part; VACATED in part; and REMANDED.** The parties shall bear their own costs on appeal.

---

[2] <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973).