**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LASONJA PORTER,

   Plaintiff-Appellee,

 v.

JEFF VIGNAU and DEREK RUSSELL,

   Defendant-Appellants,

and

TOM WALTZ; et al.,

   Defendants.

No. 18-15332

D.C. No.
2:14-cv-02984-KJM-DB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted January 15, 2019**
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,*** District

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

 *** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Judge.

Late one evening, Lasonja Porter was detained by two police officers, Jeff Vignau and Derek Russell. Porter was beside her parked car, on her hands and knees, using a flashlight to look for her keys. The police officers drove by the car and decided to return to investigate. Officer Vignau ordered Porter to stand up and walk towards him. As she did so, he saw what looked like a baggie and a white powdery substance on the ground. Officer Vignau decided to handcuff Porter before investigating further. The baggie turned out to be a latex glove, and the officers confirmed that the car was registered to Porter. They then removed the handcuffs. The entire encounter lasted less than five minutes.

Porter's complaint alleged, inter alia, a violation of her rights under the Fourth Amendment. On the officers' motion for summary judgment, the district court held that the officers were "justified in their initial decision to detain and investigate [Porter]," but that "a reasonable juror could conclude handcuffing [her] was unreasonable." The court accordingly denied summary judgment on the claim that the use of handcuffs rendered Porter's Terry stop unreasonable.[1] See Terry v. Ohio, 392 U.S. 1, 20 (1968). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

[1] The court granted summary judgment on all other claims.

We review *de novo* a district court's grant or denial of a motion for summary judgment. Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987, 988 (9th Cir. 2016) (citing Ariz. Dream Act Coal. v. Brewer, 818 F.3d 901, 908 (9th Cir. 2016)). An investigative Terry stop may, based upon its intrusiveness, the aggressiveness of the police methods employed, the degree of restriction of liberty, and the justification for the tactics used, be transformed into an arrest, for which probable cause is required. Washington v. Lambert, 98 F.3d 1181, 1185-86 (9th Cir. 1996). The use of handcuffs is one factor in determining whether a stop has been converted into an arrest. Id. at 1188 (citing United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir. 1982)). However, Porter does not now, and did not in opposition to the officers' motion for summary judgment, argue that her detention amounted to an arrest without probable cause. She has therefore abandoned any such claim. BankAmerica Pension Plan v. McMath, 206 F.3d 821, 826 (9th Cir. 2000) (citing USA Petroleum Co. v. Atl. Richfield Co., 13 F.3d 1276, 1284 (9th Cir. 1994)).

Porter also failed to argue that the mere use of handcuffs rendered her Terry stop unreasonable. Regardless, the district court erred in holding that a reasonable juror could conclude that handcuffing her was unreasonable. The court had already found that the detention was justified, and that no excessive force was employed. The court was correct in determining that handcuffing is not part of a routine Terry

3                                                                          18-15332

stop, but that is only relevant to a determination of whether or not the act of handcuffing transformed a <u>Terry</u> stop into an arrest without probable cause, not whether the <u>Terry</u> stop itself was unreasonable. <u>Washington</u>, 98 F.3d at 1185, 1188. Again, Porter has forfeited the former argument.

**REVERSED AND REMANDED**.