**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DESIREE MARTINEZ, | No.   17-17492 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00683-JAM-MJS |
| v. | |
| CITY OF CLOVIS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 15, 2019
San Francisco, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,** District Judge.

Desiree Martinez is a victim of domestic violence. In addition to claims against her abuser, Kyle Pennington, she brought negligence claims against Pennington's parents, Connie and Kim Pennington, for helping to conceal the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

abuse and enabling Pennington to violate a protective order.[1] Kim and Connie[2] helped prepare statements for Martinez to recite to police officers, intimidated her, and encouraged her to lie when testifying.[3] They took some of her possessions and told her that she could get them back only if she agreed not to testify against Pennington. They helped to conceal Martinez's presence when Pennington was with her in violation of the protective order. On one occasion, after Martinez overdosed on medication, Connie and Pennington did not call 911 out of concern for how it would look for him. Connie also prevented Martinez from calling 911 after Pennington had physically abused her.

Martinez brought various claims against Kim and Connie, including for negligence under both California Civil Code § 1714 and common law. Kim and Connie moved for summary judgment on August 9, 2017. The district court granted summary judgment as to the negligence claim.

---

[1] We address the appeal from other claims that Martinez made against local police officers and the cities for which they are employed in a concurrently filed opinion. Martinez's claims against Kyle Pennington are not part of this appeal.

[2] We refer to Connie Pennington as "Connie" and Kim Pennington as "Kim" in this disposition. Kim, as of April 27, 2018, was a reserve officer with the Sanger Police Department.

[3] Because we are reviewing the district court's summary judgment, and as explained *supra*, we adopt Martinez's version of the facts here. *See Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016) (en banc) (citation omitted).

We review *de novo* a district court's summary judgment. *Animal Legal Def. Fund*, 836 F.3d at 988 (citation omitted). In doing so, we view the evidence in the light most favorable to the nonmoving party. *See id.* at 989 (citing *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)).

"To prevail in a negligence claim under California law, a plaintiff must plead the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *Mayall on Behalf of H.C. v. USA Water Polo, Inc.*, 909 F.3d 1055, 1060 (9th Cir. 2018) (citing *Beacon Residential Cmty. Ass'n. v. Skidmore, Owings & Merrill LLP*, 327 P.3d 850, 853 (Cal. 2014)). Martinez argues that Kim and Connie breached their duty to Martinez by helping to conceal Pennington's abuse and allowing it to continue.[4]

"Whether a legal duty arises 'is a question of law which is simply an expression of the sum total of the policy considerations that lead a court to conclude that a particular plaintiff is entitled to protection.'" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (quoting *Jacoves v. United Merch. Corp.*, 11 Cal. Rptr. 2d 468, 484 (Ct. App. 1992)). A "defendant owes a legal duty of care to persons who are foreseeably endangered by the defendant's conduct, but a

---

[4] Martinez abandoned her argument that Kim, as a peace officer, "was a mandatory reporter and had a duty to report, and he didn't report." She also abandoned the argument that her negligence claim was based on Martinez and Pennington's living on Kim and Connie's property.

defendant has no duty to control the conduct of another or to warn others endangered by another's conduct." *Jacoves*, 11 Cal. Rptr. 2d at 484.

A defendant may also owe a special duty to control the conduct of others when she "stands in some special relationship either with the person whose conduct needs to be controlled or with the person who is the foreseeable victim." *Id.* (citing *Tarasoff v. Regents of Univ. of Cal.*, 551 P.2d 334, 343 (Cal. 1976) and *Johnson v. Cty. of Los Angeles*, 191 Cal. Rptr. 704, 710 (Ct. App. 1983)). But Martinez does not even argue that a special relationship existed between Kim and Connie and her. *See id.* at 484–85 (stating examples of a special relationship include parent and child, master and servant, and possessor of a chattel who has a duty to control the conduct of a licensee). Instead, she contends that any person would have had a duty not to commit Kim and Connie's misconduct. She further contends that these duties arise out of various provisions of the California Civil Code.[5] *See* Cal. Civ. Code §§ 1708, 1714(a).

---

[5] In her brief, Martinez also refers to § 3281 and § 3282 of the California Civil Code. The former states that "[e]very person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." Cal. Civ. Code § 3281. The latter defines "detriment." *Id.* § 3282. However, these provisions do not give rise to a negligence claim, and none of Martinez's claims for relief in her Second Amended Complaint referred to liability under these provisions.

4

This is too expansive a view of duty. *See Adelman v. Associated Int'l Ins. Co.*, 108 Cal. Rptr. 2d 788, 794 (Ct. App. (2001) ("'Duty' is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. Courts, however, have invoked the concept of duty to limit generally the otherwise potentially infinite liability which would follow from every negligent act." (citations, alterations and internal quotation marks omitted)). The district court correctly held that Kim and Connie did not owe a duty of care to Martinez. Therefore, the district court did not err in granting summary judgment on the negligence claim.

**AFFIRMED.**