**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN HUNT, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF BOULDER CITY; JOHN GLENN, individually and in his official capacity as a Sergeant of the Boulder City Police Department, <br><br> Defendants-Appellees. | No.   18-16838 <br><br> D.C. No. 2:17-cv-01519-JCM-NJK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 24, 2020**
Las Vegas, Nevada

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Plaintiff-Appellant John Hunt appeals the district court's grant of summary

judgment in his § 1983 action against the City of Boulder and Boulder City Police

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Department (BCPD) Officer John Glenn. Because the parties are familiar with the facts, we will not recite them here except where necessary. We review the district court's grant of summary judgment de novo. *See Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam). We affirm.

1.      Summary judgment was proper for the claims against Boulder City. To hold a municipality liable for the constitutionally violative acts of an employee, a plaintiff must demonstrate that the employee acted pursuant to a policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Hunt concedes that his *Monell* claim against the City should be dismissed, but seeks instead to hold Boulder City liable under a theory of simple respondeat superior. But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Thus, Hunt's claims against Boulder City cannot stand.

2.      Summary judgment was proper for the Fourth Amendment excessive force claim against Officer Glenn. Under the doctrine of qualified immunity, a government official is immune "from liability for civil damages insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Hunt has not shown that

2

Glenn violated a clearly established right either when he grabbed Hunt after Hunt refused to get out of the road, or when he took Hunt to the ground after Hunt resisted arrest. Hunt asserts that the Supreme Court's decision in *Tennessee v. Garner* establishes that right. But *Garner* concerned "the constitutionality of the use of deadly force to prevent the escape of an apparently unarmed suspected felon," 471 U.S. 1, 3 (1985); its facts are too divergent from those in this case for it to be instructive. Glenn is thus entitled to qualified immunity on this claim.

3.      Summary judgment was proper for the Fourth Amendment unlawful arrest claim against Officer Glenn. A police officer may arrest a person without a warrant if he has probable cause to believe that the person committed a crime in the officer's presence. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Nevada law prohibits pedestrians "suddenly leav[ing] a curb or other place of safety and walk[ing] or run[ning] into the path of a vehicle which is so close that it is impossible for the driver to yield." Nev. Rev. Stat. § 484B.283(1)(b). Glenn witnessed Hunt walking back and forth across the crosswalk and observed cars struggling to stop in time to yield to Hunt. And Hunt admits that at least one driver failed to stop without intruding on the crosswalk. These facts amount to probable cause for violating Nevada Revised Statutes § 484B.283(1)(b). Moreover, Hunt concedes that he resisted Glenn's efforts to move Hunt out of the road, and so

3

Glenn had probable cause to arrest Hunt for resisting arrest. Thus, there was no unlawful arrest.

4. Summary judgment was proper on the First Amendment retaliatory arrest claim against Officer Glenn. When there is probable cause for an arrest, a First Amendment retaliation claim fails as a matter of law. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). Because Glenn had probable cause to arrest Hunt, *supra*, the First Amendment retaliation claim fails.

5. Summary judgment was proper on the malicious prosecution claim against Officer Glenn. Hunt has shown no evidence that Glenn was involved in the decision to re-file charges against Hunt or to add additional charges On this record, Glenn cannot be held liable for the decision to prosecute, even if it was malicious. *See generally Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

6. Summary judgment was proper on the due process claims against Officer Glenn. There is "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001). Hunt challenges the validity of two pieces of evidence in this case: (1) an allegedly falsified police report and (2) allegedly altered dash-cam footage.

4

Hunt has presented no evidence that the police report was deliberately falsified, and the dash-cam footage was likely not falsified at all.  But even if this evidence were deliberately falsified, Hunt was not charged "on the basis of" either the dash-cam video or the police report.  Thus, Glenn is thus entitled to qualified immunity on this claim.

**AFFIRMED.**