NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APRIL CARRIE CRICK; TIMOTHY LEE CRICK, husband and wife,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CITY OF GLOBE, a municipal corporation; GLOBE POLICE DEPARTMENT; RAMON HERNANDEZ, Officer; Chief WALTERS; UNKNOWN PARTIES, named as John Does and Jane Does I-V; Black & White partnerships I-V; Black & White corporations I-V,<br><br>Defendants - Appellees. | No. 24-3832<br><br>D.C. No. 2:21-cv-00978-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted May 22, 2025[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FRIEDLAND and MENDOZA, Circuit Judges, and LASNIK, District Judge.***

Plaintiffs April and Timothy Crick appeal the district court's order partially granting Defendants' motion for summary judgment, evidentiary rulings, instruction of the jury, and denial of "the right to respond to objections in trial." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam). We review for abuse of discretion the district court's evidentiary rulings and formulation of jury instructions. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008); *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). There is no abuse of discretion when the district court's rulings are not "illogical, implausible, or without support in inferences that may be drawn from facts in the record," even if another court may have ruled differently. *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

1.      Plaintiffs appeal the district court's partial grant of summary judgment to Defendants with respect to four claims.

---

***      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

i.      Plaintiffs claim Defendant City of Globe intentionally inflicted emotional distress on April Crick.  However, Plaintiffs have not cited evidence in the record that could establish the elements of the Arizona tort claim: (1) "the conduct by the defendant must be 'extreme' and 'outrageous'"; (2) "the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct"; and (3) "severe emotional distress must indeed occur as a result of defendant's conduct."  *Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005) (quoting *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987)).

ii.      Plaintiffs claim Defendants Hernandez and Hudson violated April Crick's Fourth Amendment rights by unlawfully detaining her on April 29, 2020.  An officer is "allowed to 'stop' a person and detain [her] briefly for questioning upon suspicion that [she] may be connected with criminal activity."  *Terry v. Ohio*, 392 U.S. 1, 10 (1968).  Hernandez observed an unknown woman painting on the side of a commercial building—a possible criminal damage in violation of Arizona law.  Ariz. Rev. Stat. § 13-1602(A)(1-6).  When Hernandez approached the unfamiliar woman, she began to hurriedly leave the scene while screaming.  Hernandez's investigation was supported by reasonable suspicion and did not violate April Crick's Fourth Amendment rights.  *See United States v. Smith*, 633 F.3d 889, 894 (9th Cir. 2011) (finding reasonable suspicion where an officer

"clearly identified himself as a police officer" and a person fled "for no other reason than to evade" the officer).

iii.     Plaintiffs claim Defendants Hernandez and Hudson violated April Crick's First Amendment rights by conducting the April 29, 2020 stop. To recover under § 1983 for a claim of First Amendment retaliation,

> [A] plaintiff must prove: (1) [she] engaged in constitutionally protected activity; (2) as a result, [she] was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (quoting *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010)). Plaintiffs have not cited evidence in the record that could establish the elements of this claim.

iv.     Plaintiffs claim Defendants Hernandez and Hudson violated April Crick's First Amendment rights by conducting a harassment campaign involving traffic stops in her business's parking lot. Plaintiffs have not cited evidence in the record that could establish this claim.

2.     Plaintiffs appeal the district court's exclusion or limitation of testimony at trial from April Crick's medical providers. The district court did not abuse its discretion when it limited witnesses' testimony because Plaintiffs failed to comply with the disclosure requirement in Federal Rule of Civil Procedure 26(a)(2)(C) or when it prevented a witness from testifying to legal conclusions.

*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.").

3. Plaintiffs forfeited any claims that the district court incorrectly instructed the jury or "violated Plaintiffs['] due process rights by denying them the right to respond to objections in trial." Plaintiffs forfeit a claim when it is "not actually argued in [their] opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Plaintiffs failed to argue either claim in their opening brief.

**AFFIRMED.**