NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAS VEGAS SANDS, LLC, FKA Las Vegas Sands, Inc.; LAS VEGAS SANDS CORP,

        Plaintiffs - Appellants,

  v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

        Defendant - Appellee.

No. 24-6518

D.C. No.
2:22-cv-00461-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 8, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

This case involves the question of an insurance company's duty to provide coverage for defense and settlement costs incurred by a policy holder. Plaintiffs Las Vegas Sands, Inc. n/k/a Las Vegas Sands LLC and Las Vegas Sands Corp.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(collectively, LVS) appeal the district court's grant of summary judgment to defendant insurance company National Union Fire Insurance Company of Pittsburgh, PA (National Union). LVS sought, among other things, coverage of its defense and settlement costs after it was sued by Richard Suen and Round Square Company (Suen Plaintiffs) in Nevada state court for breach of contract, fraud, and quantum meruit. The district court granted summary judgment to National Union on the basis that Exclusion 4(h) of the Directors, Officers and Private Company Liability Insurance Policy (D&O Policy or Policy) that National Union had issued to LVS categorically precluded coverage of LVS's claims.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam). Because we conclude that the district court erred by treating the Suen Plaintiffs' allegations of breach of contract, fraud, and quantum meruit as one "claim" for purposes of the D&O Policy, we vacate the district court's judgment and remand for further proceedings consistent with this disposition.

The D&O Policy provides reimbursement for any "Loss" arising from a "Claim" first made during the policy period for allegations of "Wrongful Acts." "Loss" includes "Defense Costs." "Claim" is defined, in part, as "a civil, criminal, administrative, regulatory or arbitration proceeding for monetary or non-monetary

relief." "Wrongful Act" is defined as "any breach of duty, neglect, error, misstatement, misleading statement, omission or act." The Policy also contains several exclusions, including, as relevant here:

- 4(a): precluding coverage of claims "arising out of, based upon or attributable to the gaining of any profit or advantage to which a final adjudication adverse to the Insured(s) or an alternative dispute resolution proceeding establishes the Insured(s) were not legally entitled."

- 4(c): precluding coverage of claims "arising out of, based upon or attributable to the committing of any criminal, fraudulent or dishonest act, or any willful violation of any statute, rule or law, if a judgment or other final adjudication adverse to the Insured(s) or an alternative dispute resolution proceeding establishes that such criminal, fraudulent, dishonest act or willful violation of any statute, rule or law occurred."

- 4(h): precluding coverage of claims "alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the [Insured] under any express contract or agreement."

The Policy expressly states that National Union assumes no duty to defend unless LVS exercises its right to tender the defense to National Union, and LVS conceded at oral argument that it never did so. When the defense is not tendered, the Policy requires National Union to advance defense costs to LVS, which can be recovered by National Union "in the event and to the extent that [LVS] shall not be entitled . . . to payment of such Loss."[1]

---

[1] We leave to the district court to determine in the first instance what advances were owed, to what extent National Union could have recovered them, and related matters.

24-6518

During the policy period, the Suen Plaintiffs sued LVS for breach of contract, fraud, and quantum meruit in Nevada state court. LVS requested coverage from National Union both at the beginning of the suit and after the Nevada Supreme Court's ultimate decision holding that LVS was liable for quantum meruit.[2] National Union denied coverage, and LVS filed this suit alleging (1) breach of contractual duty to defend or cover defense costs; (2) breach of contract for settlement coverage; (3) violations of Nevada's Unfair Claims Practices Act ("UCPA"), Nev. Rev. Stat. 686A.310; (4) contractual breach of covenant of good faith and fair dealing; and (5) tortious breach of covenant of good faith and fair dealing.

1. Exclusion 4(h) precludes coverage of claims arising out of "any express contract or agreement" and thus may have precluded coverage of defense or settlement costs for the Suen Plaintiffs' breach of contract claims. Under Nevada law, however, quantum meruit claims are not actionable where there is an express contract or agreement. *See*, *e.g.*, *Ewing v. Sargent*, 482 P.2d 819, 823 (Nev. 1971). Quantum meruit instead applies "in actions based upon contracts implied-in-fact," or to "provid[e] restitution for unjust enrichment." *Certified Fire Prot. Inc. v.*

---

[2] National Union contends that because the Suen Plaintiffs made written demands before the inception of the Policy, the Suen action fell outside the policy period, barring coverage. The district court should determine on remand whether LVS's claim was "first made" during the policy period within the meaning of the Policy.

*Precision Constr.*, 283 P.3d 250, 256 (Nev. 2012). In the latter circumstance, "the law implies a quasi-contract which requires the defendant to pay to plaintiff the value of the benefit conferred. In other words, the defendant makes restitution to the plaintiff in quantum meruit." *Id.* at 257 (quoting *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. Ct. 2006)); *see also Las Vegas Sands, Inc. v. Suen*, 367 P.3d 792 (Nev. 2010) (unpublished table decision) ("When there is no express agreement but the plaintiff asserts a right to reasonable compensation, recovery in quantum meruit may be necessary to prevent unjust enrichment."). The quantum meruit claim therefore could not have arisen out of the alleged express contract or agreement.

National Union identifies no case under Nevada or California law suggesting that a complaint's inclusion of a non-covered cause of action bars coverage for the defense of the entire action. In fact, the cases it cites reach the opposite conclusion. *See, e.g.*, *Health Net, Inc. v. RLI Ins. Co.*, 141 Cal. Rptr. 3d 649, 671–72 (Cal. App. 2012) ("[T]he insurer has a duty to defend as to the claims that are at least potentially covered, but not as to those that are not," and the fact that a "policy defines 'Claim,' to include a 'judicial . . . proceeding,' does not change our result." (second alteration in original)).[3]

---

[3] Though National Union noted that "[t]here is no foregone conclusion that the Nevada Supreme Court follows the California Court of Appeal on this issue," it acknowledged that "[t]he Nevada Supreme Court has not addressed a 'Claim'

Nor is it clear that the fraud claims the Suen Plaintiffs brought against LVS had any basis in a contract or other express agreement. It is therefore not evident that Exclusion 4(h) should have precluded coverage of defense or settlement costs arising from the quantum meruit and fraud claims. On remand, the district court should undertake a separate analysis of these claims.

2. We leave to the district court to determine in the first instance whether Exclusion 4(a) bars coverage of LVS's claims arising from the Suen lawsuit. The Nevada Supreme Court eventually affirmed a judgment against LVS for quantum meruit liability. *See Las Vegas Sands Corp. v. Suen*, 2016 WL 4076421, at *1, 4–5 (holding that "[t]here was substantial evidence in the record to support the finding that [the Suen Plaintiffs] conferred a benefit onto LVS[].". Exclusion 4(a) applies when "a final adjudication adverse to the Insured(s) or an alternative dispute resolution proceeding establishes" that the insured party received "any profit or advantage to which" they "were not legally entitled." The Nevada Supreme Court did not rule against LVS until 2016, long after LVS provided notice of the Suen lawsuit in 2004. But National Union argues the exclusion bars coverage for the claim "whether it was incurred before or after the Nevada Supreme Court's 2016 opinion . . . . consistent with National Union's recoupment rights under the Policy"

definition like the Policy's." When the Nevada Supreme Court has not spoken, both we and the Nevada courts sometimes look to California law for guidance. *N. River Ins. Co. v. James River Ins. Co.*, 116 F.4th 855, 859 (9th Cir. 2024).

for "advanced payments prior to a final adjudication . . . establishing no coverage." The district court should examine the relevance, if any, of the timing of the Nevada Supreme Court's adjudication. Other issues relevant to Exclusion 4(a) and its possible application include that National Union may have had an early obligation to advance defense costs, and that National Union had early on denied coverage, well before any "final adjudication." On remand, the district court should review all relevant facts and appropriate legal principles in determining whether Exclusion 4(a) precludes some or all of LVS's claims.

3. Given the conclusions we have reached above, the district court should also, on remand, reevaluate and review in the first instance all remaining issues, including: those discussed above; National Union's arguments that the lawsuit is time-barred and that LVS cannot show a loss arising from a wrongful act; and LVS's claims for breach of good faith and fair dealing and for violations of the UCPA.

**VACATED and REMANDED.**[4]

---

[4]    National Union's motion for judicial notice, Dkt. No. 23, is granted.