NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE G. KINNEY, | No. 17-35384 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05777-BHS |
| v. | |
| CENTRAL INTELLIGENCE AGENCY, CIA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 13, 2018**

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Leslie G. Kinney appeals pro se from the district court's summary judgment

in his Freedom of Information Act ("FOIA") action arising out of his request for

documents related to a specific individual that Kinney believed to be a former

Office of Strategic Services agent. We have jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc), and we affirm.

The district court properly granted summary judgment because the agency provided an affidavit establishing that Exemption 1 of FOIA, 5 U.S.C. § 552(b)(1), precludes acknowledgment of the existence of the requested documents. *See Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 774 (9th Cir. 2015) (an agency's invocation of a FOIA exemption is sufficient if it appears "logical" or "plausible" (citation and internal quotation marks omitted)); *Berman v. CIA*, 501 F.3d 1136, 1139 (9th Cir. 2007) ("[T]here exists a near- blanket FOIA exemption for CIA records" and the courts must "afford the CIA broad deference" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening briefs, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-35384