NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRED J. SCHOEFFLER,

              Plaintiff-Appellant,

   v.

UNITED STATES DEPARTMENT OF
AGRICULTURE,

              Defendant-Appellee.

No.   18-16371

D.C. No. 2:17-cv-00055-GMS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted February 7, 2020
Phoenix, Arizona

Before:  TASHIMA, HURWITZ, and MILLER, Circuit Judges.

Fred Schoeffler appeals from a summary judgment in favor of the United

States Department of Agriculture in Schoeffler's action under the Freedom of

Information Act, 5 U.S.C. § 552. We have jurisdiction under 28 U.S.C. § 1291 and

review the grant of summary judgment de novo. *Animal Legal Def. Fund v. U.S.*

*Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (per curiam).

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We affirm.

1.     The district court correctly found no genuine dispute of fact material to whether the Department's search for records was adequate with respect to Request 4325-F. The statute requires an agency to "conduct[] a 'search reasonably calculated to uncover all relevant documents.'" *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). "In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." *Id*.

The Department's declarations showed that the agency conducted an adequate search. Harald Fuller-Bennett, an information specialist for the United States Forest Service, stated that a colleague contacted the San Dimas Technology Development Center—which Schoeffler concedes was the office most likely to hold responsive documents—and that the relevant personnel at San Dimas reviewed a Dropbox link containing certain files and "found that it included all of its responsive records." Another Service information specialist, Marie Derobertis, testified similarly about searches in another office. We see no difference between these searches and others whose adequacy we have upheld. *See Zemansky*, 767 F.2d at 572; *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 771–72 (9th Cir. 2015).

2

We reject Schoeffler's three other challenges. First, while non-expert witnesses ordinarily may testify only as to matters within their personal knowledge, an agency's declarations in FOIA cases are exempt from that "personal knowledge requirement." *Garris v. FBI*, 937 F.3d 1284, 1292–93 (9th Cir. 2019); *see also Lane v. U.S. Dep't of Interior*, 523 F.3d 1128, 1135 (9th Cir. 2008).

Second, even if the additional declarations the Department introduced on reply were improper, Schoeffler waived his challenge to them by not objecting below. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018).

Third, Schoeffler's evidence of the Department's possession of responsive documents is not dispositive or necessarily material to the legally determinative question: "whether the *search* for those documents was adequate." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (quoting *Zemansky*, 767 F.3d at 571). Even if the Department once held the recordings and transcripts Schoeffler seeks, there is no genuine dispute of fact material to the adequacy of the Department's search.

2.    We also affirm the grant of summary judgment as to Request 5736-F. At oral argument, Schoeffler conceded that his merits arguments as to Request 5736-F are identical to his arguments as to Request 4325-F. We therefore assume without deciding that Schoeffler exhausted Request 5736-F, and we reject

3

Schoeffler's arguments on the merits for the reasons stated above. *See Yagman v. Pompeo*, 868 F.3d 1075, 1083–84 (9th Cir. 2017).

3.      The district court did not abuse its discretion by denying Schoeffler's requests to take discovery. *See Lane*, 523 F.3d at 1134. The evidence does not support Schoeffler's assertion that the Department's declarations were submitted in bad faith. For example, viewing the evidence in the light most favorable to Schoeffler, a 2013 email demonstrates that certain Service officials sought to protect firefighter helmet video from immediate public release, but that video is not within the class of responsive audio recordings and transcripts that Schoeffler contends the government improperly withheld. We see no abuse of discretion in the district court's determination that discovery was unwarranted.

Schoeffler's motions to supplement the record (Dkt. No. 9) and to take judicial notice (Dkt. No. 32) are **DENIED**.

**AFFIRMED**.