**NOT FOR PUBLICATION**

**FILED**



MAR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURPREET SINGH, Individually, and as Successor in Interest on behalf of heirs and Estate of Amarjit Singh, Deceased; BALWINDER KAUR; SUMANDEEP KAUR; RAMANDEEP KAUR; BHUPUINDER KAUR,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, DBA Amtrak, a District of Columbia corporation; UNION PACIFIC RAILROAD COMPANY, a Utah corporation; KEVIN GNIADEK,<br><br>Defendants-Appellees. | No. 18-16683<br><br>D.C. No. 4:17-cv-02425-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 11, 2020
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BOLTON,[**] District Judge.

Gurpreet Singh, individually, and as successor in interest on behalf of the heirs and estate of Amarjit Singh, along with Balwinder Kaur, Sumandeep Kaur, Ramandeep Kaur, and Bhupuinder Kaur (together, Appellants) appeal the district court's entry of summary judgment in favor of Appellees.[1] We have jurisdiction under 28 U.S.C. § 1291, and review *de novo*. *See Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc).

Appellants failed to establish a genuine issue of material fact as to their wrongful death claim. Appellants proposed two theories of liability: (1) failure to sound the train horn in accordance with federal guidelines (horn theory); and (2) failure to sufficiently warn about and fence the railroad crossing (warning theory). A wrongful death claim encompasses all the elements of a negligence claim. *See Novak v. Cont'l Tire N. Am.,* 22 Cal. App. 5th 189, 195 (2018). Consequently, Appellants would be required to establish (1) breach of an existing duty (2) that proximately caused (3) an injury. *See id.*

Under the horn theory of negligence, Appellants failed to raise a genuine

---

[**] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

[1] Appellees are National Railroad Passenger Corporation (Amtrak), Union Pacific Railroad Company (Union Pacific), and Kevin Gniadek (Gniadek).

2

issue of material fact regarding compliance with federal guidelines. Gniadek testified that the horn was sounded in accordance with the guidelines and the event data recorder corroborated that testimony. The declaration of one eyewitness who could not recall whether he heard more than one horn blast did not raise a genuine issue of material fact. *See Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2015) ("A fact is material only if it might affect the outcome of the case, and a dispute is genuine only if a reasonable trier of fact could resolve the issue in the non-movant's favor. . . .") (citation and internal quotation marks omitted). In sum, Appellants failed to raise a genuine issue of material fact regarding breach of the duty to comply with the regulation addressing sounding the horn.

Appellants similarly failed to raise a genuine issue of material fact regarding their warning theory. The California Public Utilities Commission (CPUC) was authorized to adopt regulatory policies on railroad crossings. *See* Cal. Pub. Util. Code § 1202(a). The CPUC exercised that authority by issuing General Orders 75D and 88A, prescribing required warning signals for railroad crossings. There was no contention that Appellees failed to comply with the General Orders, or that there had been any prior problems at that particular crossing.

Appellants rely upon *Hogue v. S. Pac. Co.*, 460 P.2d 965 (Cal. 1969), to

3

support their argument that Appellees breached a duty to warn about or fence the crossing. However, this reliance is misplaced because in *Hogue*, the record reflected that the railroad had failed to comply with CPUC General Order 75B. *See id.* at 968. No such dereliction exists in this case, and Appellants have thus failed to raise a genuine issue of material fact on the warning theory underlying their assertion that Appellees breached a duty owed to them.[2]

Finally, the district court did not abuse its discretion by resolving the summary judgment motion without receiving testimony or considering transcribed witness statements. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs . . .").

**AFFIRMED.**

---

[2] In view of our conclusion that Appellants failed to raise a genuine issue of material fact regarding breach, we need not and do not address the proximate cause and injury elements of Appellants' wrongful death claim. *See Gonzalez v. Arizona*, 677 F.3d 383, 407 n.35 (9th Cir. 2012).