**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN SMITH, | No. 19-35063 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01875-TC |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Steven Smith appeals pro se from the district court's summary judgment in

his Freedom of Information Act ("FOIA") action arising out of his requests for

records from the Department of Transportation ("DOT").  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Animal Legal Def. Fund v. U.S.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc).  We affirm.

The district court properly granted summary judgment for the DOT because Smith failed to raise a genuine dispute of material fact as to whether the DOT did not "conduct[] a search reasonably calculated to uncover all relevant documents." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015) (citation and internal quotation marks omitted); *id*. at 770-71 (requirements for demonstrating adequacy of search for documents in response to a FOIA request).

The district court did not err by denying in part Smith's motion for partial summary judgment.  Although the DOT's failure to respond to Smith's FOIA requests within the statutory time limits meant that Smith was deemed to have exhausted his administrative remedies, *see* 5 U.S.C. § 552(a)(6)(C)(i) (a party making a FOIA request "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions"), Smith provided no basis for any relief outside of that provided by the FOIA statute.

The district court did not abuse its discretion by denying Smith's motions for discovery because the discovery sought was not within the scope of the limited discovery permitted in FOIA actions.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134-35 (9th Cir. 2008) (setting forth standard of review and explaining limitations on discovery in FOIA actions).

19-35063

The district court did not abuse its discretion by denying Smith's motion for costs without prejudice to refiling the motion after the resolution of the instant appeal. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (setting forth standard of review and noting a district court's "considerable latitude in managing the parties' motion practice").

Smith's "motion re trial court motion for costs" is denied without prejudice to refiling in the district court.

**AFFIRMED.**