NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT K. KWAN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, Division of the Department of Justice, <br><br> Defendant-Appellee, <br><br> and <br><br> SCENA WEBB; et al., <br><br> Defendants. | No.  20-35132 <br><br> D.C. No. 2:19-cv-00166-RAJ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 5, 2021**
Seattle, Washington

Before:  RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,*** Senior District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

Appellant Albert K. Kwan ("Appellant") challenges the district court's decision affirming the denial of Appellant's Federal Firearms License ("FFL") by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). While Appellant has received several FFL denials over approximately 20 years, he claims that his newest application is distinct because *District of Columbia v. Heller*, 554 U.S. 570 (2008), and its progeny dramatically altered Second Amendment jurisprudence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court's grant of summary judgment is reviewed *de novo*. *3500 Sepulveda, LLC v. Macy's W. Stores, Inc.*, 980 F.3d 1317, 1321 (9th Cir. 2020). We "view the evidence in the light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact, and decide whether the district court correctly applied the relevant substantive law." *Animal Legal Def. Fund v. U.S. Food and Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016).

The district court properly determined that Appellant's challenge to the ATF's denial of his application is barred. "Issue preclusion . . . bars the relitigation of issues actually adjudicated in previous litigation." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (internal quotation marks omitted). "For issue preclusion to apply, four conditions must be met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and

(4) the issue was necessary to decide the merits." *Id.* (internal quotation marks omitted). Federal courts apply preclusive effect to determinations made by administrative agencies acting in a judicial capacity, so long as the parties had an opportunity to litigate the matter. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-08 (1991); *Pauma v. Nat'l Labor Relations Bd.*, 888 F.3d 1066, 1072 (9th Cir. 2018).

An FFL application "shall be approved if . . . the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder." 18 U.S.C. § 923(d)(1)(C). The issue at stake in the instant matter — if the Appellant has willfully violated applicable statutes and regulations — is identical to a matter already actually and fairly litigated, and decided against Appellant, by an administrative agency acting in a judicial capacity (ATF) in 2010. *See Solimino*, 501 U.S. at 107-08.

The intervening issuance of *Heller* does not change any of these conclusions. Appellant has not shown how *Heller* has any bearing on whether he is deserving of an FFL. *See Teixeira v. County of Alameda*, 873 F.3d 670, 690 (9th Cir. 2017) ("[T]he Second Amendment does not independently protect a proprietor's right to sell firearms.").

**AFFIRMED.**