**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLA ANATOLYEVNA ZORIKOVA, | No. 22-55531 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04214-ODW-GJS |
| v. | |
| KINETICFLIX, LLC, DBA KineticFlix.com, a California corporation, Erroneously Sued As Elles, LLC; DOES, 1-5, individuals, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 10, 2025**
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Alla Zorikova appeals the district court's grant of

summary judgment in favor of Defendant-Appellee Kineticflix, LLC. Zorikova

sued Kineticflix, a mail-order DVD rental service, for copyright infringement,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vicarious copyright infringement, and violation of California's Unfair Competition Law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023) (citing *Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc)). "Pursuant to Federal Rule of Civil Procedure 56(c), we 'view the evidence in the light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact, and decide whether the district court correctly applied the relevant substantive law.'" *Id.* (quoting *Animal Legal Def. Fund*, 836 F.3d at 988).

1.      Zorikova argues that the district court erred in concluding that the first sale doctrine permits the rental of legally purchased audiovisual works. But the first sale doctrine, codified at 17 U.S.C. § 109(a), provides that once a copyright owner transfers ownership of a particular copy of their work to another, "the person to whom the copy . . . is transferred is entitled to dispose of it by sale, *rental*, or any other means." *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1078 (9th Cir. 2015) (alteration in original) (emphasis added) (quoting H.R. Rep. No. 94-1476, at 79 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 5659, 5693); *see also* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 8.12[B][1][a] (Dec. 2024) (explaining that once a first sale has occurred, "the copyright owner is powerless to control both subsequent sale or *lease* of the affected copies"

2

(emphasis added)); *Columbia Pictures Indus., Inc. v. Pro. Real Est. Invs., Inc.*, 866 F.2d 278, 279 (9th Cir. 1989) (holding that a "hotel did not violate the Copyright Act by renting videodiscs for viewing on hotel-provided video equipment in guests' rooms").

Zorikova's argument that the word dispose, as used in § 109(a), does not include the ability to rent is both unsupported and unpersuasive. Zorikova offers a definition of dispose but does not cite the source of that definition. Merriam-Webster, however, defines dispose as, inter alia, "to transfer to the control of another," e.g., "*disposing of* personal property to a total stranger." *Dispose*, Merriam-Webster, https://www.merriam-webster.com/dictionary/dispose [https://perma.cc/M7LF-ZUWD]. This definition does not exclude the ability to rent.

2. Zorikova next argues that the district court erred because it overlooked material disputed facts. She suggests, without evidence, that Kineticflix made unauthorized copies of her work. Zorikova reasons that Kineticflix must have done so because she ceased selling physical copies of her work on Amazon in 2014. But Zorikova's declaration does not create a dispute of material fact because Kineticflix's owners and operators, Joshua and Candee Parker, submitted a receipt and declarations that only state that they bought a copy of the work on Amazon, not that Zorikova was the seller of the copy they

3

purchased. It is therefore undisputed that they purchased a legal copy of Zorikova's work. Zorikova's other argument about diverging covers of the work also fails to create a genuine dispute of material fact. The receipt indicates that a physical DVD was delivered, and her argument that the cover art on the receipt matches the cover art for the digital-only version of her work is unsupported.

3. Lastly, Zorikova argues that the first sale doctrine does not apply here because her work is computer software exempted from the doctrine by § 109(b)(1)(A). She reasons that her work, an instructional DVD that teaches ballet, is computer software because it has a searchable menu and contains encoded digital data used to display moving visual images. But § 109(b)(1)(B)(i) plainly states that the computer program exemption does not apply to computer programs "embodied in a machine or product" that "cannot be copied during the ordinary operation or use of the machine or product." The district court was correct that "[t]o the extent any of the interactive features Zorikova points out constitute[] computer software, the product in which that computer software is embodied—the DVD—cannot be copied during its ordinary operation or use in a DVD player." *Accord* Nimmer, *supra*, at § 8.12[D][2][b].

**AFFIRMED**.

4