FILED

**NOT FOR PUBLICATION**

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LOGAN SHARPE,

        Plaintiff - Appellant,

v.

UNITED STATES FEDERAL HIGHWAY
ADMINISTRATION,

        Defendant - Appellee.

No. 24-3475

D.C. No.
2:24-cv-00045-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted July 10, 2025[**]
Seattle, Washington

Before: GRABER, CLIFTON, and BENNETT, Circuit Judges.

Plaintiff Logan Sharpe timely appeals from the dismissal of his complaint

under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, against the United

States Federal Highway Administration ("the Agency"). We dismiss this appeal as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

moot, vacate the district court's judgment, and remand the case for further proceedings.

The district court dismissed the complaint on the ground that the Agency need not process Plaintiff's FOIA request at all because the request was too indefinite. After Plaintiff filed this appeal, which argued that the Agency should be compelled to produce records, the Agency reevaluated the FOIA request, conducted a search, and produced to Plaintiff over two thousand pages of documents. Accordingly, this appeal is moot. See Yonemoto v. Dep't of Veterans Affs., 686 F.3d 681, 689 (9th Cir. 2012) (holding that the government's production of responsive documents, however belatedly, moots a FOIA claim), overruled in part on other grounds by Animal Legal Def. Fund v. U.S. FDA, 836 F.3d 987, 989 (9th Cir. 2016) (en banc) (per curiam).

Plaintiff asserts that the Agency's search for, and production of, documents has been inadequate and incomplete for a variety of reasons. Those issues may be raised on remand. See id. at 686 (describing this procedure, which had been followed in that case). And if Plaintiff is dissatisfied with the district court's resolution of any such issues that he decides to raise, he may appeal any new judgment, just as occurred in Yonemoto.

**APPEAL DISMISSED; DISTRICT COURT'S JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS. The parties**

**shall bear their own costs on appeal.**