**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MALLY GAGE,

        Plaintiff - Appellant,

  v.

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

        Defendant - Appellee.

No. 23-4232

D.C. No. 2:22-cv-01609-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted July 15, 2025[**]

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

    Mally Gage appeals pro se from the district court's summary judgment in

her Freedom of Information Act ("FOIA") action arising out of her requests for

records from the Equal Employment Opportunity Commission ("EEOC").  We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc). We affirm.

The district court properly granted summary judgment on Count 1 because Gage failed to raise a genuine dispute of material fact as to whether the EEOC failed to respond timely to Gage's appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii) (providing that an agency must make a determination with respect to any appeal within twenty days of receipt).

The district court properly granted summary judgment on Counts 8 and 9 because the EEOC provided an affidavit establishing that Exemption 3 of FOIA, 5 U.S.C. § 552(b)(3), precludes acknowledgment of the existence of the requested documents. *See Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996) (describing how a government agency establishes that Exemption 3 applies).

The district court properly determined that Counts 2-7 and 10, which related to requests for the contents of Gage's charge file, were moot because the EEOC produced all non-exempt documents. *See Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016) (after an agency produces all non-exempt documents, a FOIA claim is generally moot because the injury has been remedied).

The district court did not abuse its discretion by granting summary judgment

without allowing an opportunity to conduct discovery. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (setting forth standard of review and explaining limitations on discovery in FOIA actions).

**AFFIRMED.**