NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHOEBE POWELL, an individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>KRISTI NOEM, Secretary, United States Department of Homeland Security, a government entity,<br><br>Defendant - Appellee. | No. 24-3181<br><br>D.C. No.<br>2:22-cv-02444-MWF-RAO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 18, 2025**
Pasadena, California

Before: TASHIMA, BYBEE, and IKUTA, Circuit Judges.

Phoebe Powell timely appeals from the summary judgment entered in favor

of Kristi Noem, Secretary of the U.S. Department of Homeland Security, in her

official capacity, in this action brought under Title VII.  Reviewing de novo,

*Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 988–89 (9th Cir. 2016) (en banc)

(per curiam), we affirm.

The three-step, burden-shifting framework established in *McDonnell*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Douglas Corporation v. Green*, 411 U.S. 792 (1973), applies to Powell's claims for retaliation. *See Kama v. Mayorkas*, 107 F.4th 1054, 1058–59 (9th Cir. 2024). At the third step, the record does not raise a genuine issue of material fact regarding the Secretary's motive. *Id.* at 1059. Powell's temporal proximity evidence, which shows that the TSA issued a notice of proposed termination less than a month after she filed a Equal Employment Opportunity complaint, is not enough by itself to establish pretext in this case. *Id.* at 1061. The probative value of that evidence is diminished because Powell reported her misconduct and was subsequently placed on indefinite suspension pending investigation long before her protected activity. Furthermore, the investigation uncovered evidence of a second petty theft by Powell, which had occurred decades earlier, before Powell engaged in protected activity. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 634 (9th Cir. 2014) ("[T]he new information revealed by the City's investigation defeats any causal inference that might otherwise follow from the temporal proximity between his protected activity and his termination.").

Powell's remaining arguments also fail to create a genuine issue of material fact. She presented no evidence that indicated the TSA's decisionmakers did not believe their proffered reasons. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Despite Powell's assertions to the contrary, the TSA's justification did not shift over time, and its disciplinary protocols were applied

fairly and consistently. Minor shifts in the evidence on which the TSA relied or imperfections in its investigation are immaterial given that the TSA consistently stated that it terminated Powell because of the petty theft. *See id.* Powell's attempt to show that similarly situated employees were treated differently fails because her comparators had different disciplinary infractions. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), as amended (Jan. 2, 2004). In light of the "abundant and uncontroverted independent evidence" supporting the TSA's stated motive, *Kama*, 107 F.4th at 1059, and Powell's inability to produce "specific and substantial" evidence of pretext, *Villiarimo*, 281 F.3d at 1062, she failed to give rise to a genuine dispute of material fact. Therefore, the district court did not err in granting summary judgment for the Secretary.

**AFFIRMED.**