NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER POPOV,

    *Plaintiff - Appellant,*

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

    *Defendant - Appellee.*

No. 24-5703

D.C. No.
2:23-cv-09001-AB-AJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted October 8, 2025[**]
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Peter Popov appeals a district court order granting summary judgment in

favor of the Department of Homeland Security ("DHS"). The district court

concluded that DHS properly withheld H.T.'s Alien File ("A-File") in response to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Popov's Freedom of Information Act ("FOIA") request because Exemption 6 allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and review de novo "summary judgment decisions in FOIA cases." *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016). We affirm.

1. Popov waived his argument that DHS did not satisfy its burden under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), because Popov did not raise that argument "in any developed manner" before the district court. *Cascadia Wildlands v. U.S. Bureau of Land Management*, __ F.4th __, __ (9th Cir. 2025). In any case, the declaration DHS filed satisfied the government's burden by identifying the document withheld (A-File), the claimed FOIA exemption (Exemption 6), and a "particularized explanation" of why Exemption 6 applied. *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 989 (9th Cir. 2009) (citation omitted). Popov does not explain "what additional clarification" he seeks, *id.*, or why the declaration did not "afford" Popov "a meaningful opportunity to contest" and "the district court an adequate foundation to review, the soundness of the withholding," *Wiener v. F.B.I.*, 943 F.2d 972, 977 (9th Cir. 1991) (citation omitted).

2. We use a two-step inquiry to determine whether Exemption 6 applies. *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 637 (9th Cir. 2017). The agency

must first show that disclosure of the document "implicates a personal privacy interest that is nontrivial or … more than de minimis." *Id.* (internal quotation and alteration omitted). If so, "we balance the individual's right of privacy against the public interest in disclosure." *Id.* at 639. The public interest must be "significant" and disclosure must "likely [] advance that interest." *Id.* (citation omitted). Popov concedes H.T.'s privacy interest in H.T.'s A-File is nontrivial, so we proceed to the balancing.[1]

Popov has not demonstrated that the public interest in disclosing H.T.'s A-File outweighs H.T.'s privacy interest in non-disclosure. *Cameranesi*, 856 F.3d at 637, 645. Relying on *Muchnick v. DHS*, 225 F. Supp. 3d 1069 (N.D. Cal. 2016), and *Union Leader Corp. v. DHS*, 749 F.3d 45 (1st Cir. 2014), Popov argues that Exemption 6 does not apply because disclosing H.T.'s A-File would reveal DHS's gross misconduct. Popov alleges that H.T. committed marriage fraud, reported fraudulent addresses on his immigration petitions, and possessed cannabis cultivation licenses and permits that rendered H.T. ineligible for naturalization.

*Muchnick* and *Union Leader* are inapposite. In both cases the privacy interests were significantly lower and the public interest higher. In *Muchnick*, a

---

[1] An A-File is an individual's comprehensive immigration file which contains "information relating to the adjudication of benefits, investigation of immigration violations, and enforcement actions." Privacy Act of 1974; System of Records, 82 Fed. Reg. 43556, 43556 (Sep. 18, 2017).

former Irish Olympic coach was charged with multiple counts of sexually assaulting swimmers, which the Irish Supreme Court ruled were barred by the statute of limitations. 225 F. Supp. 3d at 1073. Anyone who Googled the coach's name could "get their hands on the sordid details of his alleged crimes," which were the subject of a book written by an award-winning journalist and sold on Amazon. *Id.* at 1076 & n.6. Thus, the coach had "no privacy interests in preventing disclosure of [his] widely known" crimes. *Id.* (internal quotation and citation omitted). Although the coach did have "a privacy interest" in DHS's "immigration decisions," his public criminal past was "enough to 'warrant a belief by a reasonable person' that" DHS acted improperly, and disclosure would significantly advance the public's interest by revealing how DHS allowed the coach to stay in the United States for more than two decades. *Id.* at 1076-77 (quoting *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004)). The same was true in *Union Leader*. There the privacy interests were "attenuated" because the history of criminal convictions and arrests of the six aliens were "matters of public record." 749 F.3d at 56. And the public's interest in disclosure of the aliens' names was substantial because the newspaper needed the names in order to investigate how and why the government had allowed these aliens with long criminal histories, including in one case an order of removal, to stay in the United States. *Id.*

H.T.'s privacy interests are substantial, not attenuated. H.T. is a "private citizen" and thus "the privacy interest[s]" are at their "apex." *Favish*, 541 U.S. at 166 (citation omitted). Popov has not provided evidence that H.T. has been charged, arrested, or convicted of a crime. H.T.'s A-File includes "highly personal information …linked publicly with [] named individuals." *U.S. Dep't. of State v. Ray*, 502 U.S. 164, 175-76 (1991). Disclosing H.T.'s A-File would affect H.T.'s "control" of that information. *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989). If Popov's allegations of marriage fraud are true, disclosure would also subject H.T. to "embarrassment." *Cameranesi*, 856 F.3d at 638.

Popov has not "produce[d] evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 174. In both *Muchnick* and *Union Leader*, that evidentiary burden was met *because* the crimes were public. But Popov concedes H.T.'s alleged fraud and crimes are not. And in *Cameranesi*, we explained that even a well-substantiated showing of government error in a small set of isolated cases "does not amount to a 'meaningful evidentiary showing'" of government impropriety. *Cameranesi*, 856 F.3d at 644 (citation omitted). So H.T.'s single A-File falls short for that reason, too.

Finally, H.T.'s serious privacy interest outweighs the marginal benefit to the public of disclosing H.T.'s A-File. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1137 (9th Cir. 2008). "Where"—as here—"serious privacy interests are present on one side," a "marginal" advancement of the public interest "will not be enough." *Cameranesi*, 856 F.3d at 645. Government error in the processing of one individual's petitions and applications where none of the alleged fraud or crimes are public would at best marginally advance the public's understanding of United States Citizenship and Immigration Services' performance of its statutory duties, but not "significantly." *Id.* at 640. That is insufficient to outweigh Todorov's "serious privacy interests." *Id.*

DHS correctly withheld H.T.'s A-File pursuant to FOIA Exemption 6, because Popov failed to show the public interest in disclosure outweighed H.T.'s serious privacy interest in withholding.

**AFFIRMED.**